# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **M.A.**

**No. 19-0617** (Harrison County 18-JA-149-1)

**FILED**

**March 13, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother T.S., by counsel Julie M. Garvin, appeals the Circuit Court of Harrison County's May 31, 2019, order terminating her parental and custodial rights to M.A.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem, Dreama D. Sinkkanen, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues the circuit court erred in terminating her parental and custodial rights based upon erroneous findings.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2018, the DHHR filed a child abuse and neglect petition alleging that then five-year-old M.A. had been in the care of her drug-addicted father and his girlfriend since 2014. The DHHR also alleged that petitioner was charged with and pled guilty to possession of a controlled substance with the intent to deliver. According to the DHHR, petitioner's sentence was suspended and she was placed on probation, which she violated in November of 2016, and for which she was incarcerated.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

The circuit court held adjudicatory hearings in April of 2019. Petitioner did not appear, but was represented by counsel. Following the presentation of evidence, the circuit court found that petitioner was granted parole in June of 2018, and that she initially complied with supervision, but absconded in October of 2018. Further, the circuit court found that petitioner had not contacted the child or the DHHR since October of 2018. The circuit court concluded that petitioner demonstrated a settled purpose to forego the rights, duties, and parental responsibilities to M.A., and that she knew or should have known about the neglect the child suffered while in the care of the father. Ultimately, the circuit court found that petitioner had abandoned the child and adjudicated her as an abusing parent.

In May of 2019, the circuit court held the final dispositional hearing. Petitioner did not appear, but was represented by counsel. Following the testimony of a Child Protective Services worker, the circuit court found that petitioner had made no contact with the DHHR, despite the agency's best efforts. Further, the circuit court found petitioner had not contacted the child since the adjudicatory hearing in April of 2019. Ultimately, the circuit court concluded that, due to petitioner's abandonment of the child and the proceedings, there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that it was necessary for the child's welfare to terminate petitioner's parental and custodial rights. The circuit court's decision was memorialized by its May 31, 2019, order. Petitioner now appeals that order.[2]

The Court has previously set forth the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating her parental and custodial rights upon erroneous findings that termination was in the child's best interests. West Virginia Code § 49-4-604(b)(6) provides that a parent's parental and custodial rights may be terminated upon findings that "there is no reasonable likelihood that the conditions of neglect or

_____

[2]The father's parental rights remain intact while he participates in an improvement period. According to the parties, the permanency plan for the child is reunification with her father or adoption in her current relative foster placement.

abuse can be substantially corrected in the near future" and when termination is "necessary for the welfare of the child." Notably, petitioner does not challenge the circuit court's finding that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future." West Virginia Code § 49-4-604(c)(4) clearly provides that such circumstances exist when "[t]he abusing parent or parents have abandoned the child," as is the case here. Rather, petitioner asserts that the child's welfare was not threatened because M.A. was in a relative's care with the possibility of being reunited with her father. Petitioner argues that "there is no doubt that having a positive relationship with a biological parent is beneficial to a child" and that a lesser disposition, such as a permanent legal guardianship, would be in the child's best interest. We find no merit to petitioner's argument.

This Court has consistently held that "[a]lthough parents have substantial rights that must be protected, the primary goal in cases involving abuse and neglect, as in all family law matters, must be the health and welfare of the children." Syl. Pt. 3, *In re Katie S.*, 198 W. Va. 79, 479 S.E.2d 589 (1996). Further, "[e]nsuring finality for these children is vital to safeguarding their best interests so that they may have permanency and not be continually shuttled from placement to placement." *In re Cesar L.*, 221 W. Va. 249, 258, 654 S.E.2d 373, 382 (2007). Despite petitioner's attempt to align the retention of her parental and custodial rights with the best interests of M.A., this argument fails when considering her complete abdication of these rights prior to termination. Although a "positive relationship" with petitioner could benefit the child, there is no evidence that petitioner pursued any relationship with M.A. M.A. is entitled to a permanent placement that would not be subject to a potential future disruption when petitioner regains some interest in being a parent. Clearly, it is necessary for M.A.'s welfare and in her best interest to provide her permanency by terminating petitioner's parental and custodial rights. Moreover, in regard to petitioner's argument that termination is unnecessary because the father may regain custody of M.A., this Court has previously held that West Virginia Code § 49-4-604 "permits the termination of one parent's parental rights while leaving the rights of the nonabusing parent completely intact, if the circumstances so warrant." *In re Emily*, 208 W. Va. 325, 344, 540 S.E.2d 542, 561 (2000). "[S]imply because one parent has been found to be a fit and proper caretaker for [the] child does not automatically entitle the child's other parent to retain [her] parental rights if [her] conduct has endangered the child and such conditions of abuse and[] neglect are not expected to improve." *Id*. Accordingly, the father's potential success and reunification with the child has no impact on the circuit court's decision regarding petitioner's parental and custodial rights. In conclusion, we find no error in the circuit court's termination of petitioner's parental and custodial rights.

Finally, because proceedings regarding the father remain ongoing, this Court reminds the circuit court of its duty to establish permanency for the child. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

3

Further, this Court reminds the circuit court of its duty, pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings, to find permanent placement for the child within twelve months of the date of the disposition order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedure[] for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

*Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, syl. pt. 6. Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under [West Virginia Code § 49-4-604(b)(6)], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home [cannot] be found.

Syl. Pt. 3, *State v. Michael M.*, 202 W. Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard*, 185 W. Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 31, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**: March 13, 2020


**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison